IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRENDAN PEMBERTON, PRO SE, <br> A.K.A. ONESIMUS MAVEN KIDD, <br> TDCJ-CID No. 566257, <br><br> Plaintiff, <br><br> v. <br><br> NFN NUNN, Warden, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> §    2:05-CV-00156 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BRENDAN PEMBERTON, a.k.a. ONESIMUS MAVEN KIDD, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and was granted permission to proceed in forma pauperis.

Plaintiff claims defendant NUNN has refused to sign plaintiff's grievances in order to prevent plaintiff from bringing suit in federal court to claim that he had plaintiff's arm broken by another prisoner in July of 2003.

As his plea for relief, plaintiff states he is retarded, doesn't know what to do, and asks the Court to "get involved with [his] 1983 civil action."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

On June 30, 2005, plaintiff responded to the Court's June 22nd Briefing Order requiring him to submit copies of the relevant step 2 grievances or plead exhaustion with factual specificity. Plaintiff responded that he had already submitted copies of the relevant step 2 grievances with his Complaint.

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In his Complaint, plaintiff responds to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure by checking the box marked "yes." Nevertheless, plaintiff has attached Step 1 grievance no. 2005132744 complaining only that he was prevented from submitted a copy of his trust fund account to the Clerk of the Court. He says he sent a letter to the Clerk asking for more time and the letter was returned to him open on Friday, March 18, 2005. Plaintiff states he was then "called out to the law library and given a choice to mail a copy of my trust fund account to the Clerk." He says he

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

was told it would be mailed that day and "was put through drama by the two people who were in the law library on March 18, 2005." He complains that he was not allowed to mail his letter to the Clerk as well. The grievance was returned to plaintiff unprocessed because it was untimely. Plaintiff has also submitted an unnumbered Step 2 grievance complaining of the March 18, 2005 incident, which does not appear to have been processed by prison officials. The Court notes that a Step 2 grievance is not accepted by TDCJ-CID for processing if the underlying Step 1 grievance was rejected as untimely.

The basis for plaintiff's Step 1 and Step 2 grievance[3] is completely unrelated to the claims he asserts in this lawsuit and it appears plaintiff has failed to exhaust administrative remedies concerning his claim that defendant NUNN is obstructing his ability to sue by refusing to sign plaintiff's grievances or his claim that NUNN arranged to have his arm broken by another inmate[4].

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims, other than his claims concerning medical treatment, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Plaintiff's claim is barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions. Further, because it presently lacks an arguable basis in law, it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[3]Moreover, concerning the matters in plaintiff's grievance, plaintiff, himself, states in his grievance that he got to send the Court the trust fund statement that he was requesting an extension in order to produce. In other words, plaintiff got what he ultimately wanted and then grieved the failure to mail an unnecessary request for extension to produce the trust fund statement and the "drama" he was put through.

[4]The Court notes the claims advanced in plaintiff's earlier suit, cause no. 2:05-CV-0046, *Pemberton v. Nunn and Scott* are related to those asserted in this cause and has reviewed plaintiff's submissions in that suit as well, but finds that the grievances in that suit do not show exhaustion as to the claims asserted in this suit.

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b).  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Amy pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   11th   day of July, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE